```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
CHRISTOPHER NEAL,                                :

                Plaintiff,                       :    MEMORANDUM ORDER

        -v.-                                     :    15 Civ. 2822 (RA) (GWG)

WILSON, et al.,                                  :

                Defendants.                      :
---------------------------------------------------------------X
```

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

On January 12, 2017, plaintiff Christopher Neal sent the Court a letter attaching an amended complaint and apparently seeking to have it filed. See Letter from Christopher Neal, dated Jan. 12, 2017 (Docket # 97) ("Neal Letter"). The only substantive change in the complaint is the addition of two new defendants — both undercover police officers. See "Amended Comp[l]aint," dated Jan. 12, 2017 (attached to Neal Letter) ("Prop. 3d Am. Compl."), ¶ 1. We construe this letter as a motion to amend. Defendants filed a letter in response, see Letter from Ben Kuruvilla, dated Jan. 26, 2017 (Docket # 98) ("Kuruvilla Letter"), and Neal filed a reply, see Letter from Christopher Neal, dated Feb. 1, 2017 (Docket # 99) ("Neal Reply"). For the reasons stated below, the motion to amend is denied.

I. PROPOSED AMENDED COMPLAINT

Neal alleged in his original complaint that he was in his apartment on the night of November 23, 2012, "tending to [a] wound," when up to 10 police officers "unlawfully entered [his] apartment without . . . permission." See Complaint, dated Mar. 30, 2015 (Docket # 2), ¶¶ 1.B, 2.A.1 (emphasis omitted). For unexplained reasons, one of the officers asked Neal to come with them and Neal refused. Id. ¶ 2.A.2. According to his complaint, the officers then

1

proceeded to attack Neal with punches, a Taser, and a baton. Id. ¶¶ 2.A.2-.5. The officers handcuffed Neal and took him from his apartment to a hospital. Id. ¶ 2.A.6. Neal was arrested and arraigned later that night. Id. The original complaint identified four defendants by name, and another six were identified as "John Doe." Id. ¶ 1.B.

Several weeks after bringing suit, Neal filed his first amended complaint. See Amended Complaint, dated May 12, 2015 (Docket # 5). Neal's first amended complaint not only included allegations relating to the November 23, 2012, incident, but also described an incident on August 20, 2012. See id. ¶ 2.B. Neal alleged that on August 20, 2012, he was arrested without probable cause while walking in public with his daughter and nephew. See id. In his description of the August 20, 2012, incident, Neal alleged that "an unknown detective" arrested him. Id. The caption of the complaint lists as defendants two detectives: Detective Marrero and Detective Scollo. Id. ¶ 1.B. The complaint does not mention any other police personnel involved in the August 20, 2012, incident.

Neal filed a second amended complaint in December 2015. See Amended Complaint, dated Dec. 5, 2015 (Docket # 30) ("2d Am. Compl."). In his second amended complaint, Neal describes the August 20, 2012, incident and alleges that Detective Marrero arrested him. See id. ¶ 2.B. Neal also alleges that Detective Scollo was involved in the August 20, 2012, incident. See id. ¶ 2.B.1. The second amended complaint makes no mention of any other police personnel involved in the August 20, 2012, incident.

Neal's proposed third amended complaint — the subject of the current motion and first presented in his letter of January 12, 2017 — adds to the caption two undercover police officers as defendants, who are identified by undercover number: "UC number 280" and "UC number 10" of the Narcotics Borough Bronx. See Prop. 3d. Am. Compl. ¶¶ 1.B.11-.12. This complaint

describes the August 20, 2012, incident. It again names Detectives Marrero and Scollo as defendants and gives allegations regarding these detectives' conduct relating to the arrest. The proposed complaint for the first time adds the following factual allegation: "UC number 280 and/or UC nu[m]ber 10 made a statement that [Neal] had placed glassines containing heroin inside [a] candy machine slot." See id. ¶ 2.B.6 (emphasis and capitalization omitted). In a claim entitled "Breach of Duty to Protect," the proposed amended complaint also alleges that the two undercover officers, along with Detectives Marrero and Scollo, made false statements. See id. ¶¶ 2.C.3, 2.C.5.

## II. DISCUSSION

Defendants oppose Neal's request to amend the complaint because they contend that the claims against the new defendants are barred by the applicable statute of limitations and thus the amendment would be futile. See Kuruvilla Letter at 1-3.

### A. Law Governing Motions to Amend

Fed. R. Civ. P. 15(a)(2) instructs courts to "freely give leave [to amend a complaint] when justice so requires." Accord Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, leave to amend may be denied where there is "undue delay, bad faith, . . . undue prejudice to the opposing party . . . , [or] futility of amendment." See Foman, 371 U.S. at 182; accord Knife Rights, Inc. v. Vance, 802 F.3d 377, 389 (2d Cir. 2015) (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002)). Thus, an amendment is futile if the claim proposed to be added would be barred by the applicable statute of limitations. See, e.g., Trakansook v. Astoria Fed. Sav. & Loan Ass'n, 2008

WL 4962990, at *2 (2d Cir. Nov. 21, 2008) (summary order); Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (citation omitted); Forbes v. City of New York, 2016 WL 6269602, at *6-7 (S.D.N.Y. Oct. 26, 2016) (collecting cases); Addison v. Reitman Blacktop, Inc., 283 F.R.D. 74, 81 (E.D.N.Y. 2011) (citation omitted).

### B. Statute of Limitations and Relation Back

Section 1983 itself does not provide a statute of limitations. See 42 U.S.C. § 1983; Hogan v. Fischer, 738 F.3d 509, 517 (2d Cir. 2013). "Thus, courts apply the statute of limitations for personal injury actions under state law." Hogan, 738 F.3d at 517 (citing Owens v. Okure, 488 U.S. 235, 249-51 (1989); and Pearl v. City of Long Beach, 296 F.3d 76, 79 (2d Cir. 2002)). For section 1983 actions filed in New York, the applicable statute of limitations is section 214 of New York's Civil Practice Law and Rules ("CPLR"), which allows three years to file suit. See id. (citing Pearl, 296 F.3d at 79; and N.Y. C.P.L.R. § 214); accord Lefebvre v. Morgan, 2017 WL 564090, at *9 (S.D.N.Y. Feb. 10, 2017).

We construe the proposed complaint as alleging claims of false arrest and malicious prosecution against the two undercover officers. See Prop. 3d Am. Compl. ¶¶ 2.C.3, 2.C.5.[1] The statute of limitations for false arrest claims begins to run at the time of detention under legal process, such as at an arraignment. See Wallace v. Kato, 549 U.S. 384, 389-91, 397 (2007);

---

[1] The proposed amended complaint also alleges that the undercover officers are being sued for "[b]reach of [d]uty to [p]rotect." See Prop. 3d Am. Compl. ¶ 2.C. The Court doubts that the proposed complaint raises such a claim, which is normally made in the context of deliberate indifference in situations involving risk of physical or health-related injury. See, e.g., Farmer v. Brennan, 511 U.S. 825, 835-37, 845 (1994); Doe v. N.Y.C. Dep't of Soc. Servs., 649 F.2d 134, 144-45 (2d Cir. 1981). In any event, any such claim would be subject to the same three-year statute of limitations as Neal's other claims. See, e.g., Shomo v. City of New York, 579 F.3d 176, 181 (2d Cir. 2009); Wright v. Levitt, 2016 WL 6080274, at *3 (W.D.N.Y. Oct. 18, 2016); Fairley v. Collins, 2011 WL 1002422, at *4 (S.D.N.Y. Mar. 15, 2011).

accord Culpepper v. City of New York, 2016 WL 5334978, at *4 (S.D.N.Y. Sept. 21, 2016). For malicious prosecution claims, the statute of limitations time begins when "the underlying criminal action is conclusively terminated." Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995) (citing Singleton v. City of New York, 632 F.2d 185, 189, 193 (2d Cir. 1980)); accord Walters v. City Dep't of Corr., 517 F. App'x 41, 42 (2d Cir. 2013) (summary order); Forbes, 2016 WL 6269602, at *4.

As to the claims against the proposed new defendants, Neal was arraigned the same day as he was arrested, August 20, 2012. 2d Am. Compl. ¶ 2.B.2. Therefore, Neal's false arrest claims related to the August 20, 2012, incident expired on August 20, 2015. See Culpepper, 2016 WL 5334978, at *4. The charges related to the August 20, 2012, arrest were dismissed on July 8, 2013. See Defendants' Responses and Objections to Plaintiff's Second Set of Depositions by Written Question, dated Oct. 6, 2016 (attached as Ex. 1 to Docket # 78), at 40-41(admitting that the charges against Neal related to the August 20 arrest were dismissed on July 8, 2013). Thus, Neal's malicious prosecution claims expired on July 8, 2016. See Forbes, 2016 WL 6269602, at *4.

Because the proposed complaint was first presented to the Court by letter dated January 12, 2017, the complaint is untimely unless it "relates back" to one of the pleadings filed before the statute of limitations expired. See Fed. R. Civ. P. 15(c). Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, which allows relation back, would appear to bar relation back because the rule applies only where an amendment "changes the party or the naming of the party against whom a claim is asserted" — not where an amendment adds a previously unmentioned party. See In re Vitamin C Antitrust Litig., 995 F. Supp. 2d 125, 129 (E.D.N.Y. 2014) ("In an 'additional party' case . . . . [t]he plaintiff has sued the right defendant, and simply neglected to

5

sue another defendant who might also be liable.  If the drafters of Rule 15 had meant to allow relation back in this situation, they could have easily done so."); accord Fischer v. Forrest, 2017 WL 128705, at *10-11 (S.D.N.Y. Jan. 13, 2017) ("[E]ven if [plaintiff] was unaware that [the newly added defendant] could be sued . . . relation back still would be inappropriate because [plaintiff] never named an improper party to begin with.") (citing Fed. R. Civ. P. 15(c)(1)(C)(ii)); Briggs v. County of Monroe, 2016 WL 6084137, at *3 (W.D.N.Y. Oct. 18, 2016) ("By its express language, the relation-back language of Rule 15(c)(1)(C) applies to an amendment that 'changes' a named party due to a mistake concerning the proper party's identity, not to a situation where an entirely new party is being added.") (citations omitted); Pikos v. Liberty Maint., Inc., 2015 WL 6830670, at *3 (E.D.N.Y. Nov. 6, 2015) ("Courts in this Circuit have held relation back is only permitted where plaintiff named the wrong party in the original complaint, and not where plaintiff named one but not all of the right defendants.") (citation omitted).

While there are cases that have apparently not strictly followed this interpretation, see, e.g., Almazo v. M.A. Angeliades, Inc., 2015 WL 6965116, at *5-6 (S.D.N.Y. Nov. 10, 2015), reconsideration denied, 2016 WL 5719748 (S.D.N.Y. Sept. 29, 2016), it is not necessary to address them inasmuch as Rule 15(c)(1)(C)(ii) permits relation back only if the new party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Here, there was no "mistake" regarding the undercover officers' identity.  See, e.g., Hogan, 738 F.3d at 517-18 (noting that failing to identify an individual defendant is not a mistake for Rule 15(c) purposes) (citation omitted); Briggs v. County of Monroe, 2016 WL 1296060, at *9 (W.D.N.Y. Mar. 29, 2016) ("Plaintiffs' proposed addition of the new defendants in this case does not seek to cure any mistake of identity; rather,

it seeks to cure plaintiffs' ignorance of the potential culpability of the proposed defendants. That it does so after the expiration of the statute of limitations is fatal . . . ."). Thus, this element of Rule 15(c)(1)(C)(ii) is not satisfied.

In addition, there is no evidence that the newly-named undercover officers "knew" or "should have known" that any of Neal's complaints filed within the limitations periods intended to name them at all (assuming it could be said they had notice of them). This is because none of the timely complaints purported to sue the undercover officers or any other individual who committed the specific acts that the undercover officers are now alleged to have committed. Thus, the undercover officers would have had no reason to know that any mistake had caused them not to be named. While Neal asserts that he was unaware of the undercover officers until June 6, 2016, Neal Reply at *2, Rule 15(c)'s applicability turns on the defendant's knowledge, not the plaintiff's knowledge. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 548 (2010) ("The question under Rule 15(c)(1)(C)(ii) is not whether [plaintiff] knew or should have known the identity of [the new party] as the proper defendant, but whether [the new party] knew or should have known that it would have been named as a defendant but for an error."); accord JCG v. Ercole, 2014 WL 1630815, at *18 (S.D.N.Y. Apr. 24, 2014).

Rule 15(c) also permits an amendment to relate back to the date of the original complaint if "the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). As discussed above, the applicable statute of limitations is provided by New York law, and we therefore look to that "body of limitations law" to ascertain whether it would allow relation back in this case. Hogan, 738 F.3d at 518 (citation and emphasis omitted). One relevant provision of New York law is section 1024 of the CPLR. Id. Section 1024 states that

> [a] party who is ignorant, in whole or in part, of the name or identity of a person who may properly be made a party, may proceed against such person as an unknown party by designating so much of his name and identity as is known. If the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly.

N.Y. C.P.L.R. § 1024. Neal cannot take advantage of this statute because he did not "proceed against" the undercover officers in any fashion until after the statute of limitations expired. In other words, he did not describe the undercover officers as a "John Doe" or in any other form as would "fairly apprise the [newly named] party that he [was] the intended defendant." See Hogan, 738 F.3d at 519 (internal quotation marks and brackets omitted) (quoting Bumpus v. N.Y.C. Transit Auth., 66 A.D.3d 26, 30 (2d Dep't 2009)); see also Santiago v. City of New York, 2016 WL 5395837, at *2 (E.D.N.Y. Sept. 27, 2016) (complaint did not relate back under section 1024 where no description of alleged officers was contained in complaint)

     A party may also seek relation back under CPLR section 203. See, e.g., Strada v. City of New York, 2014 WL 3490306, at *6 (E.D.N.Y. July 11, 2014) (citing Bumpus, 66 A.D.3d at 32). Section 203(f), however, bars relation back if the original pleading "does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." Section 203 has been interpreted to embody essentially the same limitation as Federal Rule 15(c)(1)(C), see Sloane v. Town of Greenburgh, 2005 WL 1837441, at *3 (S.D.N.Y. July 27, 2005) (citations omitted): namely, requiring the plaintiff to show that "the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well," Buran v. Coupal, 87 N.Y.2d 173, 178 (1995) (citation and internal quotation marks omitted); accord JCG v. Ercole, 2014 WL 1630815, at *15 (S.D.N.Y. Apr. 24, 2014) (citation omitted), adopted by

2014 WL 2769120 (S.D.N.Y. June 18, 2014); Fisher v. County of Nassau, 2011 WL 4899920, at *5 (E.D.N.Y. Oct. 13, 2011); Higgins v. City of New York, 144 A.D.3d 511, 513 (1st Dep't 2016). As already discussed, this showing has not been made.

III. CONCLUSION

Allowing Neal to file his proposed third amended complaint would be futile because it would be barred by the statute of limitations as to the newly-named defendants. Accordingly, Neal's request to file a third amended complaint is denied.

SO ORDERED.

Dated: March 9, 2017
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copy mailed to:

Christopher Neal
#14R1420
Gouverneur Corr. Facility
112 Scotch Settlement Rd
P.O. Box 370
Gouverneur, NY 13642-0370

Counsel by ECF