USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/5/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHRISTOPHER NEAL,

    Plaintiff,

v.

POLICE OFFICER ROMAINE WILSON, et al.,

    Defendants.

No. 15-CV-2822 (RA)

MEMORANDUM OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

On September 15, 2017, the Court granted in part and denied in part Defendants' motion for summary judgment, allowing Plaintiff's excessive force and failure to intervene claims to proceed to trial. ECF No. 120. As the Court noted in its Opinion, there remains the issue of whether Plaintiff should be allowed to further amend his Complaint to add Sergeant Kaiser as a Defendant. Although Judge Gorenstein denied Plaintiff's motion to amend, he does not appear to have considered Plaintiff's request to add Sergeant Kaiser. *See* ECF No. 105, at 1. After reviewing the parties' supplemental briefing, the Court concludes that Plaintiff should be permitted to add Sergeant Kaiser as a Defendant because, although the statute of limitations has run, Plaintiff's claim relates back under Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) allows a plaintiff to add a defendant after the statute of limitations has run if four conditions are met. Defendants do not contest that the first two prongs of the relation back doctrine are satisfied here: (1) the law that provides the statute of limitations allows for relation back and (2) the allegation against Sergeant Kaiser "aris[es] out of the conduct, transaction, or occurrence set out" in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(A), (B). Moreover, the third prong is met because knowledge of the allegations were imputed to Sergeant Kaiser upon

service of the Amended Complaint on the other officers who, like Sergeant Kaiser, are represented by Corporation Counsel. *See Curry v. Campbell*, No. 06-CV-2841 (DRH) (ETB), 2012 WL 1004894, at *3 (E.D.N.Y. Mar. 23, 2012).

The closer question is with respect to the final prong: whether Sergeant Kaiser "knew or should have known that the action would have been brought against [him], but for a mistake concerning [his] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The Supreme Court's guidance in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), is instructive. As in that case, Plaintiff's failure to name Sergeant Kaiser in the Second Amended Complaint was not a "deliberate" choice which now forecloses relief under the relation back doctrine. *See id.* at 555-56. Rather, it is evident from Plaintiff's initial Complaint that he always intended to assert a claim against the officer who allegedly used a taser, and Defendants were aware that Sergeant Kaiser was that individual. *See* ECF No. 16, at 1. Plaintiff, however, filed the Second Amended Complaint under the mistaken belief that Lieutenant Camhi was the officer Plaintiff alleges used a taser, an error due, at least in part, to the omission of any reference to Sergeant Kaiser in Defendants' Rule 26(f) disclosures. *See* ECF No. 128, Ex. 1. Plaintiff's confusion is even more apparent in light of his subsequent discovery requests. *See, e.g.*, ECF No. 38.

Defendants' reliance upon cases in which courts have denied plaintiffs leave to amend in order to substitute the proper names of John Doe defendants is unavailing. It is true that, under Rule 15, the failure to provide the name of a John Doe defendant is not a mistake, but instead evinces a lack of knowledge. *See, e.g., Vasconcellos v. City of New York*, No. 12-CV-8445 (CM), 2014 WL 4961441, at *7 (S.D.N.Y. Oct. 2, 2014). Here, however, Plaintiff amended his Complaint to include the names of the John Doe Defendants within the period specified by the

2

Court's *Valentin* order.[1] But in doing so, he acted under the mistaken belief that Lieutenant Camhi, rather than Sergeant Kaiser, was the officer who allegedly used a taser—a misunderstanding Defendants were well aware of at the time.

Accordingly, Plaintiff is granted leave to file a Third Amended Complaint within thirty days adding Sergeant Kaiser as a Defendant.

SO ORDERED.

Dated:  January 5, 2018
        New York, New York

Ronnie Abrams
United States District Judge

---

[1] Defendants submitted a *partial* response to the Court's *Valentin* order on October 9, 2015. ECF No. 16. Thereafter, however, some confusion arose as to whether Defendants were subject to Local Rule 33.2 and apparently no further information as to the identities of the officers present at the scene of Plaintiff's arrest was disclosed until Defendants provided their Rule 26(f) initial disclosures on November 17, 2015. *See* ECF No. 128, Ex. 1.. Plaintiff then filed the Second Amended Complaint within thirty days of receiving the Rule 26(f) disclosures. ECF No. 30.