UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHRISTOPHER NEAL,

                          Plaintiff,

            v.

POLICE OFFICER ROMAINE WILSON,
POLICE OFFICER JUAN RODRIGUEZ,
POLICE OFFICER OSVALDO MALDONADO,
POLICE OFICER COTY GREEN, POLICE
OFFICER BAUDILO GARCIARIVAS, POLICE
SERGEANT ANGEL BONES; POLICE
LIEUTENANT DAVID CAMHI, and POLICE
SERGEANT MICHAEL KAISER,

                         Defendants.
-----------------------------------------------------------------X

No. 15 CV 02822 (RA) (GWG)

**THIRD AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Christopher Neal, by his pro bono trial attorneys Dogramaci Kushner LLP and Higgins & Trippett LLP, complains and alleges as follows:

1. This Third Amended Complaint is set forth in language and content consistent with the proposed amended complaint dated January 12, 2017 (ECF No. 105), as drafted by plaintiff pro se while incarcerated at Gouverneur Correctional Facility, Gouverneur, New York, with edits to render the same consistent with prior orders of court and for purposes of clarity.

## Parties

2. Plaintiff Christopher Neal is an individual who currently resides in New York, New York.

3. Defendant Romaine Wilson is a Police Officer, Shield No. 910, with an address at 40th Precinct, 257 Alexander Avenue, Bronx, New York 10455.

4. Defendant Juan Rodriguez is a Police Officer, Shield No. 14964, with an address at 43rd Precinct, 93 Fteley Avenue, Bronx, New York 10473.

5. Defendant Osvaldo Maldonado is a Police Officer, Shield No. 15051, with an address at 40th Precinct, 257 Alexander Avenue, Bronx, New York 10455.

6. Defendant Coty Green is a Police Officer, Shield No. 14012, with an address at 40th Precinct, 257 Alexander Avenue, Bronx, New York 10455.

7. Defendant Baudilo Garciarivas is a Police Officer, Shield No. 10251, with an address at 40th Precinct, 257 Alexander Avenue, Bronx, New York 10455.

8. Defendant Angel Bones is a Retired Police Sergeant, with an address at One Police Plaza, New York, New York 10007.

9. Defendant David Camhi is a Police Lieutenant, with an address at One Police Plaza, New York, New York 10007.

10. Defendant Michael Kaiser is a Police Sergeant, Shield No. 1119, with an address at 40th Precinct, 257 Alexander Avenue, Bronx, New York 10455.

## **Statement of Claims**

11. Defendants Officers Wilson, Rodriguez, Maldonado, Garciarivas, Green, Sergeants Bones and Kaiser, and Lieutenant Camhi, acting under the color of State law, knowingly, wickedly, intelligently, intentionally, deceitfully, deliberately and maliciously violated plaintiffs' First, Third, Fourth, Sixth and Eighth Amendment Constitutional Rights of the United States of America as set forth herein.

12. On or about November 23, 2012 at approximately 2:10 A.M. plaintiff was tending his wound in his place of residency at 805 East 156th Street, Bronx, N.Y. 10455, when Officers J. Rodriquez, R. Wilson, O. Maldonado, C. Green, B. Garciarivas, Lt. Camhi and Sergeant A. Bones unlawfully entered apartment No. 3 without permission to do so.

13. At this time, Police Officer J. Rodriguez or O. Maldonado looked at the plaintiff and told him to come with them.

14. The plaintiff clearly stated to these Officers that he was not coming with them, and that he had no reason to go with them,

15. At the time, plaintiff then presented his New York State identification to the Officers.

16. Police Officer J. Rodriguez or O. Maldonado then became very aggressive and forcefully grabbed the plaintiff's left arm, trying to arm bar plaintiff, with the assistance of the other Officer (J. Rodriquez or O. Maldonado), and another Officer (C. Green or B. Garciarivas).

17. Lieutenant D. Camhi or Sergeant M. Kaiser started yelling "STOP RESISTING" when the plaintiff was not resisting at all.

18. At this time in particular, Lt. Camhi or Sergeant Kaiser took out a taser/stun gun and began tasering plaintiff all over his body, back area and hip.

19. Other Police Officers all found this amusing, and someone began yelling, "HIT HIM AGAIN, HIT HIM AGAIN."

20. At this time, more Officers came and most of the Officers began to physically punch and shove plaintiff while he was bleeding from a head wound; he (plaintiff) didn't understand why these officers were literally assaulting him, when he (plaintiff) did nothing at all to provoke such assault.

21. Shortly after being tased/stunned multiple times and punched by Officers, plaintiff was then thrown into a room door by (C. Green, B. Garciarivas, R. Wilson, J. Rodriguez, O. Maldonado, and/or Sgt. A. Bones) when he suddenly experienced severe lower back pain.

22. Plaintiff was thrown towards a downward fall by defendants and landed on a bed. Plaintiff in fear looking around saw R. Wilson pull out a retractable baton.

23. R. Wilson then beat the plaintiff with several strikes of the baton.

24. After several of these strikes, the plaintiff then stated: "Yo! Wilson you want to STOP F---ING HITTING ME!"

25. Being surprised that the plaintiff knew his name, Officer Wilson stopped and stepped to the other side of the room.

26. During the beating with the baton, the plaintiff was held down by defendants (J. Rodriguez, O. Maldonado, C. Green, B. Garciarivas, and Sergeant A. Bones), and Officers Camhi and Kaiser were present.

27. Plaintiff was then taken out of his place of residence and put in a patrol van, which took him to Lincoln Hospital.

28. While on his way to the hospital, plaintiff kept repeating that he wanted to file assault charges because he was assaulted with a bottle, and nothing was done about it. Nobody was arrested for hitting plaintiff in the head with the bottle.

29. Plaintiff refused stitches at Lincoln Hospital and was arrested at the 40th Precinct, and J. Rodriguez and/or O. Maldonado was in the van to the hospital.

30. Plaintiff was fingerprinted and taken before a Judge later that night. The Judge gave plaintiff a R.O.R. (Release On Recognizance) during his arraignment of the following

charges: Assault in the Third Degree, Resisting Arrest, Menacing in the Third Degree and Harassment in the Second Degree. These bogus charges were finally dismissed on April 18, 2013, and sealed on May 3, 2013.

**Breach of Duty to Protect**

31. Defendants Rodriguez, Maldonado, Green, Garciarivas, Wilson, Kaiser, Camhi, and Bones exercised and demonstrated deliberate indifference to plaintiff's health and safety by allowing the others to physically assault the plaintiff although he was already bleeding from a severe head wound.

32. Defendant Wilson exercised and demonstrated deliberate indifference to plaintiff's health and safety by administrating corporal punishment to the plaintiff while he was being held down by defendants Green, Camhi, Garciarivas, Rodriguez, and Maldonado, by beating plaintiff with a retractable baton.

33. Defendant Camhi or Kaiser exercised and demonstrated deliberate indifference to plaintiff's health and safety by tasering plaintiff numerous times over his hips and back while he was bleeding from a head injury.

34. Defendant Bones exercised and demonstrated deliberate indifference by authorizing the arrest of the plaintiff through this false statement, when he was witnessing the entire operation as he was the supervisor of the incident.

35. Defendant Bones exercised and demonstrated deliberate indifference to plaintiff's safety by subjecting him to malicious prosecution, and causing Parole to restrict plaintiff's liberties by subjecting and submitting false lying instruments for filings.

36. Defendants Rodriguez, Maldonado, Green, Garciarivas, Bones, Camhi, and Wilson exercised and demonstrated deliberate indifference to plaintiff's safety by not arresting the person who hit plaintiff in the head with the bottle after he told them who hit him, thus neglecting to do their duty to uphold the law.

### Excessive Force Usage

37. Defendants Rodriguez, Wilson, Green, Garciarivas, Maldonado, Kaiser, Bones, and Camhi unnecessary usage of punches, baton, taser, and other things exercised deliberate indifferent to plaintiff's health and safety by using extreme force for no reason on the plaintiff when he had a head injury, other than the plaintiff stating: he did not wish to leave his residency, all in violation of his constitutional rights.

### Injuries

38. As a result of being tased and beaten with a retractable baton, (1) the plaintiff had little holes in his back and hips area from the taser prongs, and lower back pain and spasms; and (2) plaintiff had to report to see his Parole Officer on a weekly basis after had earned his way to reporting on a monthly basis, (3) plaintiff had to walk to his parole meetings and court dates because he did not have funds for his transportation.

39. Plaintiff has thus suffered physical injury, humiliation and severe mental anguish.

### Exhaustion of Administrative Remedies

40. Plaintiff filed a complaint with the Civilian Complaint Review Board with Inspector Gonzalez and was given a complaint number of 201411561. Inspector Gonzalez then

stated that he was forwarding the complaint to I.A.D., and that plaintiff should contact them if he wished to keep an update on the case/Complaint.

41. Plaintiff is not filing this lawsuit for any wrongdoing while incarcerated, nor do any facts deal with the plaintiff being in jail.

42. Plaintiff has had a previous lawsuit, *Neal v. Bryne et al.*, 00-CV-323, which case settled in favor of the plaintiff. Plaintiff can recall no other lawsuits at the time of the drafting of this Third Amended Complaint on or about January 12, 2017.

### REQUESTED RELIEF

WHEREFORE, plaintiff Christopher Neal demands judgment as follows:

(1) On the First Cause of Action for excessive force pursuant to 42 U.S.C. §1983, for a judgment in favor of plaintiff and against defendants Camhi, Wilson, and Kaiser, each of whom is sued in both his personal capacity and his official capacity, for damages to be determined by a jury but not less than Two Million Three Hundred Thousand Dollars ($2,300,000); plus punitive damages of $200,000 against each such defendant; along with attorneys' fees as permitted by statute, interest, costs and disbursements; and

(2) On the Second Cause of Action for failure to intervene pursuant to 42 U.S.C. §1983, for a judgment in favor of plaintiff and against defendants Rodriguez, Wilson, Maldonado, Green, Garciarivas, Bones, Camhi and Kaiser, each of whom is sued in both his personal and his official capacity, for damages to be determined by a jury but not less than Two Million Three Hundred Thousand Dollars ($2,300,000); plus punitive damages of $200,000

against each such defendant; along with attorneys' fees as permitted by statute, interest, costs and disbursements;

      (3)    On all Causes of Action, for such other relief as this Court deems proper.

Dated:    February 2, 2018
           New York, New York

HIGGINS & TRIPPETT LLP

_____
By: Thomas P. Higgins
1120 Avenue of the Americas, 4th Floor
New York, New York 10036
(212) 840-8334
tphiggins@h-tlaw.com

           and

Ihsan Dogramaci
Dogramaci Kushner LLP
1120 Avenue of the Americas, 4th Fl.
New York, New York 10036
idogramaci@idlawoffice.net
(212) 309-7580
*Co-Counsel for plaintiff Christopher Neal*