UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

CHRISTOPHER NEAL,

                        Plaintiff,

     -against-

ROMAINE WILSON, et. al.,

                        Defendants.

------------------------------------------------------- x

15-CV-2822 (RA) (GWG)

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE JUDGMENT AWARDING PAYMENT OF COSTS**

## PRELIMINARY STATEMENT

Defendants hereby submit this Opposition to Plaintiff's Motion to Vacate the Clerk of the Court's Judgment Awarding Costs on the grounds that Defendants' are entitled to the full amount awarded by the Clerk.

## STATEMENT OF THE FACTS

Following a trial in this matter held from October 9, 2018 through October 11, 2018, a jury returned a verdict in favor of defendants on all counts. A judgment was entered by the Clerk of the Court on October 16, 2018. (ECF No. 158.) On November 15, 2018, defendants filed a Motion for Costs pursuant to Federal Rule of Civil Procedure 54 seeking costs in the amount of $3,842.95. (ECF No. 167.) Plaintiff filed an opposition to defendants' motion for costs on November 29, 2018. (ECF No. 168.) On December 3, 2018, the Clerk of the Court ruled upon defendants' motion and granted defendants costs in the amount $2,720.37. (ECF No. 170.) On December 10, 2018, plaintiff filed a motion seeking to vacate the award based on plaintiff's claimed poverty. (ECF Nos. 171-173.) For the reasons stated below, plaintiff's motion should be denied.

## STANDARD OF REVIEW

"A district court reviews the clerk's taxation of costs by exercising its own discretion to decide the cost question itself." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001). Federal Rule of Civil Procedure §54 (d)(1) provides that the court may review the clerk's action on motion served within seven days.

In the instant matter, defendants are entitled to the costs awarded because Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs, other than attorney's fees, should generally be awarded to a prevailing party—absent a statute, federal rule or court order to the contrary. "[A]n award of costs is the rule, not the exception, because costs are considered 'an incident of judgment' rather than a 'punitive measure.'" *Moore v. County of Delaware,* 586 F.3d 219, 221 (2d Cir. 2009) (quoting *Furman v. Cirrito*, 782 F.2d 353, 354 (2d Cir. 1986)). The burden is on the non-prevailing party to show why costs should not be awarded. *Whitfield*, 241 F.3d at 270.

## ARGUMENT

The Clerk's award of costs should not be disturbed. While it is true that the decision whether or not to award costs rests with the sound discretion of the trial court, prevailing parties are presumptively entitled to costs. *See, Delta Air Lines v. August*, 450 U.S. 346, 352 (1981); *Whitfield*, 241 F.3d at 270.

Plaintiff argues that the Court should exercise its discretion and deny costs based on plaintiff's indigence. *See* Memorandum of Law in Support of Plaintiff's Motion to Disallow Costs, ECF No. 172, ("Motion to Vacate") at pp. 5-7. In determining taxable costs under Rule 54, a district court may consider the non-prevailing party's ability to pay. *Whitfield*, 241 F.3d at 270. However, courts generally deny objections based on financial hardship, even for parties proceeding *in forma pauperis*. *Id.* (Although "[a]s a general matter a district court may deny

2

costs on account of a losing party's indigency . . . indigency *per se* does not automatically preclude an award of costs."); *Pierre v. City of N.Y.*, No. 05-CV-5018 (JFB) (KAM), 2008 U.S. Dist. LEXIS 29107 (E.D.N.Y. Apr. 9, 2008) (costs not vacated for plaintiff claiming indigency in civil rights case); *Dejesus v. Starr Tech. Risks Agency, Inc.*, No. 03 Civ. 1298(RJH), 2005 U.S. Dist. LEXIS 7152, 2005 WL 957389, at *2 (S.D.N.Y. Apr. 25, 2005) (upholding an award of costs against a party who had filed for bankruptcy); *Yadav v. Brookhaven Nat'l Lab.*, 219 F.R.D. 252, 254 (E.D.N.Y. 2004) ("[A] party's indigence does not preclude an award of costs."); *Vails v. Police Dep't*, No. 96 Civ. 5283, 1999 U.S. Dist. LEXIS 16423, 1999 WL 970490, at **1-2 (S.D.N.Y. Oct. 22, 1999) (holding that, although the losing party's financial situation made it difficult to bear the costs imposed, her claim of indigence did not warrant setting aside the costs award); *Brown v. De Filippis*, 125 F.R.D. 83, 85 (S.D.N.Y. April 13, 1989) (proceeding *in forma peuperis* does not Immunize indigent litigant from eventual liability for costs); *Glucover v. Coca-Cola Bottling Co.*, No. 91 Civ. 6331, 1996 U.S. Dist. LEXIS 11, 1996 WL 1998, at **2-3 (S.D.N.Y. Jan. 3, 1996) (assessing costs against a plaintiff who proceeded *in forma pauperis*).

Additionally, although plaintiff claims that his lawsuit was not frivolous and was pursued in good faith, Motion to Vacate at pp. 4-6, that is not the standard for vacating an award of costs. *Cosgrove v. Sears, Roebuck, & Co.*, 191 F.3d 98, 101 (2d Cir. 1999) ("In her objection to the bill of costs, Plaintiff contends that because her Title VII claims against Defendant were not 'useless, baseless or frivolous,' the assessment of costs against her was erroneous. We disagree."); *Commer v. McEntee*, No. 00 Civ. 7913, 2007 U.S. Dist. LEXIS 59298, at *6-*7 (S.D.N.Y. Aug. 13, 2007) ("Good faith by itself does not require a district court to deny costs, since all parties to a federal action have an obligation to act in good faith.")

Finally, plaintiff concludes by stating that the City is "hardly" in need of $2,720.27 and plaintiff would be "crushed" if he had to pay that award. Motion to Vacate at p. 7. Again, this is not the standard. Indeed, the imposition of costs serves a public policy function, particularly in the civil rights context. *Wray v. City of New York,* No. 01 Civ. 4837 (BMC) (RER), 2007 U.S. Dist. LEXIS 74457, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007) ("It is thus not too much to ask any litigant, whether in a civil rights case or otherwise, to appreciate his possible exposure for a relatively small amount of costs in making the decision whether to commence litigation in a federal court."); *Glucover,* 1996 U.S. Dist. LEXIS 11, 1996 WL 1998, at *3 ("[T]he reasonable goal of requiring indigent litigants to assess the relative merits and risks of litigation would be thwarted if indigency alone were always sufficient to support the instant motion.").

## **CONCLUSION**

Defendants respectfully request that the Court deny plaintiff's motion to vacate the Clerk of the Court's Judgment of Costs in favor of defendants and award the costs assessed by the Clerk together with other and further relief as the Court deems just and proper.

Dated:     New York, New York
            December 13, 2018

                ZACHARY W. CARTER
                Corporation Counsel of the
                  City of New York
                *Attorney for Defendants*
                100 Church Street
                New York, New York 10007
                (212) 356-2658
                mdecastr@law.nyc.gov

                By:       /s/
                      Maria Fernanda DeCastro